**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10916

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL GLENN SAIZAN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:24-cr-00359-RAH-SMD-1

————————————

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Saizan pleaded guilty to possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). His presentence report found that the firearm he possessed was "capable of accepting a

large-capacity magazine," which made him eligible for the enhancement in United States Sentencing Guidelines section 2K2.1(a)(1). Saizan didn't object to the presentence report at his sentencing hearing, conceding the factual basis for the enhancement. The district court adopted the report's findings, applied the enhancement, and, after considering the sentencing factors, sentenced him to 168 months' imprisonment, which was at the low end of the guideline range. Saizan appeals his sentence, arguing that the district court plainly erred in applying the section 2K2.1(a)(1) enhancement because he did not possess a semiautomatic weapon capable of accepting a large capacity magazine. After careful consideration, we affirm.

We review for abuse of discretion a sentence's procedural reasonableness. *United States v. Wilson*, 979 F.3d 889, 916 n.16 (11th Cir. 2020). But where, as here, a defendant does not object in the district court, we review for plain error. Under that standard, we reverse only if there is (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Shelton*, 400 F.3d 1325, 1328–29 (11th Cir. 2005).

The government initially bears the burden of proving by a preponderance of the evidence the factual basis for a sentence enhancement. *United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021). But when the defendant fails to object to a fact set out in a presentence report, that fact is deemed admitted and the district court may rely on it for sentencing. *Wilson*, 979 F.3d at 916–17.

Saizan fails the first step of the plain-error test because there's no error here. Whether a district court should apply the section 2K2.1(a)(1) enhancement depends on the answer to a factual question: whether the charged offense involves a "semiautomatic firearm that is capable of accepting a large capacity magazine." U.S.S.G. § 2K2.1(a)(1). The presentence report found that Saizan's "offense involved a semiautomatic firearm capable of accepting a large capacity magazine." At the sentencing hearing, the district court asked if either side objected to the report. No one did, so the district court adopted the report's findings as its own. Then, the court applied the enhancement to calculate Saizan's guideline range. Because Saizan "admitted to the facts that enhanced his sentence," the district court did not err in relying on them. *See Shelton*, 400 F.3d at 1330.

Saizan argues that the government did not prove that his firearm was capable of accepting large capacity magazines. But by not objecting to the findings in the presentence report, he admitted that the report was accurate and the findings could be considered as evidence by the district court. In other words, "[b]ecause the government relied on unobjected-to factual findings in the [report], . . . it was not required to produce any further evidence" for the section 2K2.1(a)(1) enhancement. *See Wilson*, 979 F.3d at 916–17. Saizan also contends that an exception in the section 2K2.1(a)(1) commentary for semi-automatic firearms that have "an attached tubular device" applies to him. *See* U.S.S.G. § 2K2.1 cmt. 2. But there's no evidence in the record that the exception applies to Saizan's gun.

Because the unobjected-to presentence report was sufficient evidence to support the section 2K2.1(a)(1) enhancement, and there was no evidence the attached-tubular-device exception applied, we affirm Saizan's sentence.

**AFFIRMED.**